## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

THOMAS VEZARIS,

               Plaintiff,

  v.

COLUMBIA PROPERTIES HARTFORD, LLC,

               Defendant.

3:14 - CV - 880 (CSH)

JUNE 20, 2014

## ORDER

**HAIGHT, Senior District Judge:**

## I.  INTRODUCTION

On or about May 20, 2014, Plaintiff Thomas Vezaris commenced this civil action against Columbia Properties Hartford, LLC ("Columbia Properties") in the Connecticut Superior Court for the Judicial District of New Britain at New Britain.  In his Complaint, Plaintiff seeks damages for personal injuries he allegedly sustained on July 10, 2012, when he was a business invitee on the premises of a Marriott Hotel in Farmington, Connecticut, a property owned by Defendant.  Plaintiff claims that as the result of Defendant's negligence in, *inter alia*, the maintenance, care, inspection and/or control of a door on the Marriott Hotel premises, Plaintiff was struck by the door, which "close[d] on him" and thereby "caus[ed] him to fall and sustain the injuries . . . complained of" in his Complaint.  Doc. 1, p. 5 ("Complaint"), ¶¶ 5-6.

On June 17, 2014, Defendant filed a Notice of Removal in this District, thereby removing

1

the action to this Court on the basis of "diversity of citizenship" subject matter jurisdiction.[1] Doc. 1, ¶ 6. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States"). *See also* 28 U.S.C. §1441(a).[2]

As set forth below, neither Plaintiff in his state court Complaint, nor Defendant in its federal Notice of Removal has pled sufficient facts to establish the citizenship of each party for diversity purposes.[3]   Moreover, no alternate "federal question" subject matter jurisdiction exists under 28 U.S.C. § 1331.  Plaintiff's Complaint alleges only one count in common law negligence so there are no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute.

Accordingly, before the Court may allow this action to proceed, it must determine whether it has "diversity of citizenship" subject matter jurisdiction.  To do so, the Court must seek *sua sponte*

---

[1]   In the Notice of Removal, Defendant asserts that this case "is one which may be removed to the Court by the defendant pursuant to the provisions of Title 28, United States Code § 1441 and § 1332(a)." Doc. 1, ¶ 3. Defendant also states "this Court has original jurisdiction of this action under 28 U.S.C. § 1332." *Id.*, ¶ 6.

[2]   28 U.S.C. §1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3]   Defendant is advised that, in the present circumstances, it ultimately bears the burden of proving that removal is proper.  *See United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) ("[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper") ; *see also* 14A Charles A. Wright & Arthur R. Miller § 3721, at 209-10 (1990) ("[d]efendant always has the burden of establishing that removal is proper").

additional facts regarding the citizenship of the parties and the amount in controversy.

## II.  DISCUSSION

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction. It may only exercise subject matter jurisdiction where either: (1) the plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at * 1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp*., 229 F.3d 358, 363 (2d Cir.2000) (delineating two categories of subject matter jurisdiction).

A federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court must consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also  Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  The court must "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction."   *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise

3

issue of subject matter jurisdiction *sua sponte* at any time)).  Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*."  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

In general, if subject matter jurisdiction is lacking, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").   *See , e.g.,  Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01 ("If subject matter jurisdiction is lacking, the action must be dismissed."); *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("Where jurisdiction is lacking ... dismissal is mandatory.") (quoting *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994)).

However, in the context of  removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction,  the case shall be remanded." 28 U.S.C.A. § 1447(c). *See, e.g., Speranza v. Leonard,* 925 F.Supp.2d 266, 269 (D.Conn. 2013) ("once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory under 28 U.S.C.A. § 1447(c)") (citation and internal quotation marks omitted); *Malanca v. Worth,* No. 3:11cv0056(SRU)(WIG), 2011 WL 941381, at * 2 (D.Conn. Feb.8, 2011) ("Lack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determination that court lacks subject matter jurisdiction, "a remand is mandatory"); *Vasura v. Acands*, 84 F.Supp.2d 531, 540

4

(S.D.N.Y.2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal, this case was improvidently removed").

In the case at bar, the only potential premise for subject matter jurisdiction presented is diversity of citizenship, 28 U.S.C. § 1332(a).   In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")  (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) .

"In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced."  *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).  *See also  Wolde–Meskel v. Vocational Instruction Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule.").  However, where removal is based on diversity of citizenship, the parties must be diverse *both* at the time of r*emoval* and at the time the *state court complaint was filed*.  *See United Food & Commercial Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301 (The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal") (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311-12  (1990)).[4]  *See also Albstein  v. Six Flags Entm't*

---

[4]    "The purpose of  requiring diversity  to  exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship."  14B Charles A. Wright

*Corp.*, No. 10 Civ. 5840(RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the time of removal and at the time the state court complaint was filed." ) (citing *Vasura*, 84 F.Supp.2d at 535).

### A.   Citizenship of Plaintiff

In the Complaint at bar, Plaintiff alleges that he "was a *resident* of New Britain, Connecticut" when describing the facts giving rise to his action.  Doc. 1, p. 5, ¶ 1 (emphasis added). He delineates no specific time frame for said residence and makes no reference to his domicile.  In addition, Defendant makes no statement in its Notice of Removal regarding the specific citizenship of Plaintiff and simply alleges that there is "original jurisdiction under 28 U.S.C. § 1332." *Id.*, p. 2, ¶ 6.[5]

With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).  This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See  Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  *See also  John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

---

& Arthur R. Miller,  *Federal Practice and Procedure* § 3723 (4th ed. Westlaw update April 2014).

[5]  In fact, Defendant mis-states, and may even misapprehend, the definition of "diversity" subject matter jurisdiction, stating that "the controversy involves claims under a diversity of jurisdiction and treaties and laws of the United States."

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e,* "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).  *See also Palazzo*, 232 F.3d at 42;  13B C. Wright A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).  Although an individual may have several residences, he or she can have only one domicile.[6]  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)  (for jurisdictional purposes, " '[d]omicile' is not necessarily synonymous with 'residence,' " and "one can reside in one place but be domiciled in another") (citations omitted).

In sum, Plaintiff has alleged his *residency* at the time of his injuries *without* establishing his *citizenship*.  Citizenship, which is synonymous with domicile,  may not be inferred from residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).  Moreover, because this case was removed, citizenship must be demonstrated as of the two relevant dates for diversity purposes, the commencement date of the state court action, May 20, 2014,  and the date of removal to federal court, June 17, 2014. *United Food & Commercial Workers Union*, 30 F.3d at 301.

## B.      Citizenship of Columbia Properties

With respect to the citizenship of Columbia Properties, a limited liability company, Plaintiff stated in his Complaint that "[a]t all times pertinent [to his Complaint], the defendant, Columbia Properties Hartford, LLC . . . was a Kentucky limited liability company authorized to do business

---

[6]     The  United  States  Supreme  Court  has  described  "residency"  as  occurring  "when  a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*,  461 U.S. 321, 331 (1983).   "[S]uch place of abode becomes his residence . . . ." *Id.*   The test for residency is thus less stringent than the "more rigorous domicile test." *Id.*  For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time.  *Id.*

in the State of Connecticut and was doing business in Connecticut." Doc. 1, p. 5, ¶ 2. Defendant, on the other hand, makes no representation regarding its citizenship in the Notice of Removal.

"The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[7] Neither Plaintiff in his Complaint, nor Defendant in its Notice of Removal, has provided the Court with the identities and citizenship of each of Columbia Properties' members. Citizenship of each member of the limited liability company must be known to insure that complete diversity exists between Plaintiff and Defendant in this action. Moreover, said citizenship must be established on the date the state court action commenced and the date Defendant removed the action to this federal court.

### C.    Jurisdictional Amount

Finally, even if the citizenship of the parties can be demonstrated to be diverse, the amount in controversy must exceed $75,000, "exclusive of interest and costs." 28 U.S.C. § 1332(a). To invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a

---

[7]    *See also  City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000), as the appropriate "test for determining the citizenship of a limited-liability company").

'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994).

In the removed action at bar, Plaintiff's "Statement of Demand" attached to his state court Complaint prays for damages of "more that [sic] FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest and costs." Doc. 1, p. 8.  In the text of his Complaint, Plaintiff describes his alleged injuries, arising from Defendant's alleged negligence, as a "strain/sprain of his right shoulder, secondary adhesive capsulitis of his right shoulder, right rotator cuff tear, extreme upset to his entire nervous system; and stiffness, soreness, pain and suffering." *Id.*, p. 5, ¶ 6.  He also alleges that he had "to seek the services of hospital, doctors, pharmacists, therapists, and the like." *Id.*, p. 6, ¶ 7.

It may be that Plaintiff seeks damages in excess of $75,000, but he has neither prayed for such an amount nor detailed specific injuries that give rise to such a prayer.  Defendant's Notice of Removal makes no reference to the amount in controversy and thus makes no representation that Plaintiff's Complaint seeks the minimal jurisdictional amount, in excess of $75,000 in damages, exclusive of interest and costs.[8]

If Plaintiff cannot demonstrate that he seeks damages in excess of $75,000, the action must be remanded to state court unless: (1) Defendant challenges that assertion *and* (2) Defendant, "as the party asserting jurisdiction," is able to support its assertion of jurisdictional amount "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union,*, 30 F.3d at 301 (quoting *McNutt v. Gen. Motors Acceptance Corp. of*

---

[8]   Put simply, the Court notes the substantial disparity of $60,000 between a claim for more than $15,000 versus one for in excess of $75,000 in damages.  The Court has no present basis upon which to conclude that the jurisdictional minimum (exceeding $75,000) is actually in controversy.

9

*Indiana*, 298 U.S. 178, 189 (1936)).

### III.  CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit , citizenship for diversity purposes as of the date this action was commenced in state court, May 20, 2014, and the date it was removed to federal court, June 17, 2014.

Specifically, Plaintiff Thomas Vezaris is ORDERED to submit an affidavit indicating his state of citizenship at the commencement of the action and on the removal date. In particular, he must declare: (1) the state in which he was *domiciled* and principally established or his "true fixed home" and (2) the names, if any, of other states in which he had a residence. If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the location of all such residences kept and (b) the approximate length of time spent at each residence.

Furthermore, with respect to the amount in controversy, Plaintiff must provide an estimate of his alleged damages in this action, indicating the general bases for his calculation. Upon conclusion of his calculation, he must explicitly declare whether he alleges that his damages exceed the sum or value of $75,000, the jurisdictional amount pursuant to 28 U.S.C. § 1332(a)(1).

Limited liability company Columbia Properties is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of May 20, 2014 and June 17, 2014. If said members are individuals, Columbia Properties must provide their states of domicile. If any members are corporations, Columbia Properties must indicate all states of incorporation and the principal place of business for each corporation. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and

10

of the State where it has its principal place of business.").  If the members include any limited liability company, Columbia Properties shall establish the citizenship of *each member of that limited liability company.*

Defendant may also, in its affidavit, provide any relevant facts to prove that there is a 'reasonable probability' that Plaintiff's claim exceeds the statutory jurisdictional amount of $75,000. If Plaintiff's position is that his claim does *not* give rise to in excess of  $75,000 in damages, Defendant must be prepared to provide competent proof and justify its allegations of jurisdictional amount by a preponderance of evidence.

Both  parties shall file and serve their affidavits regarding citizenship on or before **July 30, 2014.**  All case deadlines are stayed pending the Court's review of the affidavits.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed. Otherwise, in the absence of such jurisdiction, the Court will remand the case to state court as improvidently removed, pursuant to 28 U.S.C. § 1447(c).

It is SO ORDERED.

Dated: New Haven, Connecticut
        June 20, 2014

                                         */s/Charles S. Haight, Jr.*
                                         CHARLES S. HAIGHT, JR.
                                         Senior United States District Judge